IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CHENAULT,<br>                    Plaintiff,<br><br>v.<br><br>CREDIT CORP SOLUTIONS, INC.,<br>                    Defendant. | CIVIL ACTION<br><br><br><br>NO.  16-5864 |

J. DuBois                                                                                December 1, 2017

**M E M O R A N D U M**

I.        **INTRODUCTION**

This action arises under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692.  On November 19, 2013, defendant, Credit Corp Solutions Inc. ("CCS"), purchased from Synchrony Bank a debt obligation in the amount of $3,685.11 allegedly owed by plaintiff, Ronald Chenault. Def. Credit Corp Solutions, Inc.'s Am. Mot. for Summary Judgment 3, Document No. 20, June 16, 2017.  On December 7, 2015, defendant filed a Statement of Claim against plaintiff in Philadelphia Municipal Court, alleging an unpaid balance of $3,820.11, which included the alleged debt of $3,685.11, plus court costs.  Def.'s Am. Mot. for Summary Judgment, Ex. G.

On June 23, 2016, after a hearing before the Philadelphia Municipal Court, the court entered judgment in favor of Chenault on the grounds that CCS failed to produce sufficient documentary evidence to show that Chenault owed the debt in question.  Def.'s Am. Mot. for Summary Judgment at 4; Pl.'s Opp. to Def.'s Am. Mot. for Summary Judgment at 3.

Following the dismissal of the debt collection action, plaintiff filed suit in the Court of Common Pleas of Philadelphia County, alleging that defendant's attempt to collect the debt violated the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Extension

1

Uniformity Act ("FCEUA"), and the Pennsylvania Unfair Trade Practices & Consumer Protection Law ("UTPCPL"). Plaintiff also asserted claims for defamation and abuse of the legal process. Compl. ¶¶ 18–34. Defendant removed the action to this Court on November 10, 2016. (Document No. 1). Presently before the Court is defendant's Amended Motion for Summary Judgment.

## II. LEGAL STANDARD

### A. Summary Judgment

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In considering a motion for summary judgment, "the [C]ourt is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 467 F.3d 180, 184 (3d Cir. 2007).

### B. Fair Debt Collection Practices Act

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to give consumers a

private cause of action against debt collectors as protection from "abusive" and "unfair" debt collection practices that "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). To that end, the FDCPA "regulates and proscribes certain debt collection practices employed by debt collectors." *Gigili v. Palisades Collection L.L.C.*, No. 06-CV-1428, 2008 WL 3853295 (M.D. Pa. Aug. 14, 2008) (citing 15 U.S.C. §§ 1692c–1692f)). Because the FDCPA is a remedial statute, the Court must broadly construe its provisions to give full effect to its legislative purpose. *See Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

### III. DISCUSSION

Plaintiff's FDCPA claims are predicated on a Municipal Court debt collection action filed by defendant. Plaintiff asserts that defendant is liable under the FDCPA for: harassing, oppressing or abusing plaintiff in connection with the collection of the debt in violation of 15 U.S.C. § 1692d; misrepresenting the amount, character, and legal status of a debt in connection with the collection of a consumer debt allegedly due in violation of 15 U.S.C. § 1692e; using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f; using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10); and attempting to collect an amount not authorized by contract or law in violation of 15 U.S.C. § 1692f(1). Compl. ¶ 19. The Court must first determine whether defendant is governed by the FDCPA.

### A. FDCPA Claims

#### i. *Defendant is Governed by the FDCPA*

Defendant argues that the provisions of the FDCPA do not apply based on the Supreme Court decision in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), because it is not a debt collector within the purview of the FDCPA. The Court disagrees.

The FDCPA defines a debt collector as: "(1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." *Machles v. McCabe, Wiesberg & Conway*, No. 17-CV-1015, 2017 WL 5172516, at *6 (E.D. Pa. Nov. 7, 2017) (quoting 15 U.S.C. § 1692a(6)).

In *Henson*, the Supreme Court addressed whether Santander Consumer USA Inc., an entity that purchased defaulted loans and sought to collect on those loans, was a debt collector who "regularly collects or attempts to collect . . . debts . . . due another" under the second prong of 15 U.S.C. § 1692a(6). 137 S. Ct. at 1721. In holding that Santander was not a debt collector, the Court concluded that, under that prong of the statute, "Congress did not intend for debt buyers to be considered debt collectors for the purposes of the Act, where the debt buyer attempted to collect debts which the debt buyer owned." *Capozio v. JP Morgan Chase Bank, NA*, No. 16-CV-5235, 2017 WL 5157532, at *3 (E.D. Pa. Nov. 7, 2017) (citing *Henson*, 137 S.Ct. at 1721–22)). *Henson* declined to address whether Santander constituted a debt collector under the first prong of the statute. Thus, defendant in this case may be a debt collector subject to the FDCPA under the first prong of the statute if its " 'principal purpose' is the collection of debts or because it 'regularly' engages in the collection of debts." *Oppong v. First Union Mortg. Corp.*, 215 Fed.Appx. 114, at *118 (3d Cir. Jan. 26, 2007).

Defendant is registered as a collection agency in the state of Utah; moreover, according to defendant's website, the company "is a debt collector" that "purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans." Pl.'s Opp. to Def.'s Mot. for Summary Judgment, Ex. F. The Court concludes that plaintiff has presented sufficient evidence that defendant is a business whose "principal purpose" is the collection of debts. Accordingly, defendant is governed by the FDCPA.

  ii. 15 U.S.C. § 1692d

Plaintiff first asserts that defendant violated 15 U.S.C. § 1692d by "harassing, oppressing, or abusing Plaintiff in connection with the collection of a debt." Compl. ¶ 19(a). The Court disagrees. "[T]he filing of a debt collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Any* attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330–31 (6th Cir. 2006) (emphasis in original); *see also Shivone v. Washington Mut. Bank, F.A.*, No. 07-CV-1038, 2008 WL 3154702, at *1 (E.D. Pa. Aug. 5, 2008) (adopting the *Harvey* court's reasoning to conclude that defendant did not violate § 1692d).

  iii. 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f

Plaintiff also alleges that defendant violated 15 U.S.C. § 1692e by misrepresenting the amount, character and legal status of a debt in connection with the collection of a consumer debt and that defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt—in this case, filing suit without legal authority and without sufficient proof of the debt. Compl. ¶ 17. Plaintiff's § 1692e and § 1692f claims are based on the following assertions:

5

(1) that defendant failed to establish the amount of the debt owed, because it did not produce credit card statements, a signed credit card application or agreement, or charge slips to indicate purchases made on the account and (2) that plaintiff did not incur the debt because he was the victim of identity theft. Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 3, 13–14.

Plaintiff cites no case law indicating that failure of a defendant to produce credit card statements, a signed credit card application or agreement, or charge slips, without more, gives rise to an FDCPA claim. The Court rejects this claim. The Third Circuit has concluded that a debt collector has no duty "to independently investigate a debt before it begins collection activities" and may rely on information provided by the entity from whom the debt was purchased. *Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128, 133 (3d Cir. 2016). With respect to the documentation required, several courts have concluded that "filing a lawsuit supported by the client affidavit attesting to the existence and amount of the debt . . . is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable." *Deere v. Javitch, Block, and Rathbone, L.L.P.*, 413 F.Supp.2d 886, 890 (S.D. Ohio 2006); *see also Meier v. Law Offices of Weltman, Weinberg & Reis Co., L.P.A.*, No. 10-CV-262, 2011 WL 2039113, at *17 (W.D.Pa. May 5, 2011) ("Plaintiff's claim that Defendant debt collector failed to attach the credit contract and/or monthly statements must fail as a matter of law."); *Donatelli v. Warmbrodt*, 08-CV-1111, 2011 WL 2580442, at * 3–4 (W.D. Pa. June 28, 2011) (defendant's alleged failure to produce documentation including an executed application or agreement and a statement of accounts to establish that the debt existed did not give rise to a violation under § 1692e).

The Court agrees with those courts and concludes that the FDCPA does not impose an obligation "that more of a paper trail should [be] in the lawyers' hands or attached to the

6

complaint" prior to filing a collection suit. *Deere*, 413 F. Supp. 2d at 890. According to account statements bearing plaintiff's name and address, the debtor owed $3,685.11. Def.'s Am. Mot. for Summary Judgment, Ex. C. The Statement of Claim that defendant filed in Municipal Court sought to collect this precise amount, plus court fees. *Id.* at Ex. G. In support of its claim, defendant provided proof of the debt through the two account statements, along with a Bill of Sale and a sworn affidavit. *Id.* Plaintiff has not asserted that the information contained in those documents is false—merely that defendant lacks sufficient documentation to prove that plaintiff himself owed the debt alleged. The Court accordingly concludes that defendant's failure to provide a signed credit card agreement or evidence of the items purchased on the account does not constitute a violation under § 1692e or § 1692f.

Plaintiff's claim that he was the victim of identity theft and therefore never owed any debt also does not give rise to a violation of § 1692e or § 1692f. The account statements bear plaintiff's name and address, and plaintiff has not provided any evidence to suggest that defendant knew or should have known that his identity had allegedly been stolen before defendant filed the Municipal Court action.[1] "The FDCPA was intended to protect debtors from offensive, misleading, and aggressive tactics by debt collectors, not to hold debt collectors . . . to a standard of omniscience as to whether or not a debt will eventually be found to belong rightfully to someone other than the individual first identified as the debtor." *Farren v. RJM Acquisition Funding, LLC*, No. 04-CV-995, 2005 WL 1799413, at * 27 (E.D. Pa. July 26, 2005) (no violation of § 1692e where defendant had no reason to know that debt was not owed by plaintiff); *see also Story v. Midland Credit Funding LLC*, No. 15-CV-194, 2015 WL 7760190 at

---

[1] CCS became aware that Chenault claimed that he did not owe the alleged debt at some point after filing its claim in Municipal Court. In response, CCS sent Chenault a fraud affidavit and requested a police report regarding the alleged identity theft. Chenault never responded and accordingly, CCS moved forward with its claim. Pl.'s Resp. in Opp. to Def.'s Mot. for Summary Judgment, Ex. A.

7

*7 ("communications regarding that debt are not deemed false, misleading, or deceptive simply because the alleged debt was incurred through identity theft").

Plaintiff also contends that defendant violated § 1692e(10), which states that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." § 1692e(10). The Court is not persuaded. "The only means defendant [ ] is alleged to have used to collect the debt is the filing of a [Municipal] [C]ourt suit, an act which we find is not deceptive in nature." *Popson v. Galloway*, No. 10-CV-77E, 2010 WL 2895945, at *18 (W.D. Pa. July 27, 2010) (failure to attach the proper documentation to a state law claim did not give rise to a § 1692e(10) claim).

    *iv.*    *15 U.S.C. § 1692f(1)*

Plaintiff further asserts that defendant violated § 1692f(1), which prohibits attempts to collect an amount not authorized by contract or law. Specifically, plaintiff contends that "defendant sued plaintiff for interest in the amount of $372.11 without any proof" of an agreement authorizing the interest payment. Again, plaintiff's argument is predicated on defendant's failure to provide substantiating documentation when it filed the state court complaint. Section 1692f(1)'s prohibition on collecting interest payments "is directed at debt collectors who charge fees not contemplated by the original agreement, not debt collectors who seek to charge fees contemplated by the agreement . . ." *Simkus v. Cavalry Portfolio Services, LLC*, 12 F.Supp.3d 1103, 1110 (N.D. Ill. 2014) (citations omitted). In this case, the $372.11 interest charge was imposed by the original creditor. Def.'s Am. Mot. for Summary Judgment, Ex. C. Moreover, plaintiff does not contend that the interest amount was contrary to the agreement that created the debt or the law; instead, plaintiff's contention is that defendant lacked a copy of the agreement giving rise to the debt. *Popson*, 2010 WL 2895945, at *20 (granting

8

defendant's motion to dismiss with respect to § 1692f(1) where plaintiff's allegations centered on failure to provide supporting documents).

    *v.*    *Conclusion – FDCPA Claims*

Defendant's motion for summary judgment is granted with respect to plaintiff's FDCPA claims for all of the foregoing reasons.

**B. FCEUA and UTPCPL Claims**

Plaintiff claims that defendant violated the FCEUA based on the following provision: "it shall constitute an unfair or deceptive debt collection act or practice under this act if the debt collector violates any of the provisions of the Fair Debt Collection Practices Act." Compl. ¶ 21; 73 P.S. §2270.4(a). "The FCEU . . . does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL." *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3d Cir. 2015). Because the Court rejects the underlying FDCPA claims, summary judgment must be granted with respect to plaintiff's claims under the FCEUA and the UTPCPL. Accordingly, defendant's motion for summary judgment is granted with respect to plaintiff's FCEUA and UTPCPL claims.

**C. Defamation Claim**

Plaintiff also alleges that defendant defamed plaintiff by filing suit against him "with reckless disregard to the truth or falsehood of the validity of the alleged debt." Compl. ¶ 27. "A statement is entitled to absolute immunity from a defamation claim if it is 'issued as a regular part of legal proceeds' and 'pertinent and material to the proceedings.'" *Downs v. Schwartz*, No. 14-CV-630, 2015 WL 4770711, at *14 (E.D. Pa. Aug. 12, 2015) (quoting *Bochetto v. Gibson*, 580 Pa. 245 (Pa. 2004)). If, however, the statement is later republished to an audience outside of the legal proceedings, absolute immunity no longer applies. *Id.*

9

In his Opposition to Defendant's Motion for Summary Judgment, plaintiff states that he has no cause of action for defamation because the statements at issue were not republished to an audience outside of the legal proceedings. That concession was based on the fact that defendant did not report the alleged debt to the credit bureaus. Pl.'s Opp. to Def.'s Mot. for Summary Judgment at 14. Accordingly, defendant's motion for summary judgment is granted with respect to plaintiff's defamation claim.

### D. Abuse of Process Claim

Plaintiff also asserts a common law abuse of process claim, arguing that defendant filed the lawsuit in Municipal Court without a legal basis to do so and that plaintiff suffered ascertainable losses as a result. "[T]o recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff." *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 291, 304 (3d Cir. 2003) (citations omitted). A perversion of the legal process may occur where one party uses the process "specifically and primarily . . . to increase the burden and expense of litigation to the other side; and (2) the use of that process cannot otherwise be said to be for 'the legitimate or reasonably justifiable purposes of advancing interests in the ongoing litigation.'" *Id.* (citations omitted). Where, however, "the defendant has done nothing more than carry out the process to its authorized conclusion . . .," there is no abuse of process. *Edwards v. Wyatt*, No. 01-CV-1333, 2001 WL 1382503 (E.D. Pa. Nov. 6, 2001).

Plaintiff has failed to provide any evidence that defendant abused the legal process. Defendant had the right to file to a lawsuit in Municipal Court to collect a debt that it believed plaintiff owed. *See Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (noting that one objective of the FDCPA is to "preserv[e] creditors' judicial remedies"). The fact that defendant's Municipal

Court action was ultimately unsuccessful does not give rise to a claim for abuse of process. Accordingly, defendant's motion for summary judgment is granted with respect to plaintiff's abuse of process claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Credit Corp Solutions, Inc.'s Amended Motion for Summary Judgment is granted and judgment is entered in favor of defendant, Credit Corp Solutions, Inc., and against plaintiff, Ronald Chenault. An appropriate order follows.